JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Cathy Nugent

**DEFENDANTS**

Exelon Business Services Compnay

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Hamburg Rubin Mullin Maxwell & Lupin, P.C.
1684 S. Broad St., Ste. 230, Lansdale PA 19446

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical |  | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Personal Injury |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions |  |  |
|  |  | [ ] 550 Civil Rights |  |  |  |
|  |  | [ ] 555 Prison Condition |  |  |  |
|  |  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 621 et seq., 42 U.S.C. §§ 2000e et. seq., 43 P.S. § 955 et seq.

Brief description of cause:
Employment Discrimination based on Age, Gender and Disability

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
4/22/2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **2462 Barnsleigh Drive, Bensalem PA 19020**

Address of Defendant: **2301 Market Street, S-23-1, Philadelphia PA 19103**

Place of Accident, Incident or Transaction: **Philadelphia, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **04/22/2025**

_Must sign here_
*Attorney-at-Law / Pro Se Plaintiff*

**65857**
*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
*(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Steven B. Barrett** , counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **04/22/2025**

_Sign here if applicable_
*Attorney-at-Law / Pro Se Plaintiff*

**65857**
*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CATHERINE NUGENT<br>2462 Barnsleigh Drive<br>Bensalem, PA 19020 | : | |
|                Plaintiff | : | CIVIL ACTION NO. 2:25-CV-2020 |
| | : | |
|      vs. | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |
| EXELON BUSINESS SERVICES COMPANY<br>2301 Market Street, S-23-1<br>Philadelphia, PA 19103 | : | |
| | : | |
|                Defendant | : | |

## COMPLAINT

Plaintiff, Catherine Nugent, by and through their attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin, P.C., hereby brings the above captioned cause of action and in support thereof, avers the following:

## INTRODUCTION

Plaintiff files this Complaint to redress violations by Defendants of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et. seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et. seq. ("Title VII") based on gender, Title I of the Americans with Disabilities Act of 1990 ("ADA"), and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 955 et. seq. based on gender, disability, and age.[1] As set forth more fully herein, Defendants discriminated against Plaintiff by firing her, without affording the due process as provided to others who are

---

[1] Pennsylvania's administrative remedies were exhausted, resulting in the PHRA issuing Plaintiff a right-to-sue letter on February 16, 2024. Plaintiff received a Notice of Right to Sue from the Equal Employment Opportunity Commission on April 10, 2025.

{04007280;v2 }

younger than 40, have gender identities other than cisgender female, and are able-bodied. As a result of Defendants' unlawful actions, Plaintiff has suffered damages as set forth herein.

## PARTIES

1.      Plaintiff, Catherine Nugent, is an adult individual residing at 2462 Barnsleigh Drive, Bensalem, PA 19020.

2.      Defendant, Exelon Business Services Company, is a corporation licensed to do business in the Commonwealth of Pennsylvania, with an address at 2301 Market Street, S-23-1, Philadelphia, PA 19103.

## JURISDICTION AND VENUE

3.      The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. Further, 28 U.S.C. §1367 provides this Court with supplemental jurisdiction over Plaintiff's state law claims.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants conduct business in this judicial district, and because a substantial par of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff has properly exhausted her administrative remedies by filing a timely Complaint of Employment Discrimination with the Equal Employment Opportunity Commission ("EEOC"), dual filed with the Pennsylvania Human Relations Commission ("PHRC") and by filing the instant lawsuit within two (2) years of receiving the PHRC's right-to-sue letter and within ninety (90) days of receiving the EEOC's Notice of Right to Sue.

## FACTUAL BACKGROUND

### I. Plaintiff is hired by Defendants and Excels, Until Her Abrupt Termination

6. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

7. Plaintiff is a successful professional with over a decade of experience in the energy industries.

8. Defendants offer energy, both electric and natural gas, products and services to business and customers in Southeastern Pennsylvania.

9. Defendants hired Plaintiff in 2010 as a Senior Business Project Manager.

10. In 2017, Defendants promoted Plaintiff to Senior Business Program Manager.

11. Throughout her approximately twelve-year long employment with Defendants, Plaintiff was based out of Defendants' headquarters in Philadelphia, Pennsylvania.

12. On January 6, 2023, Defendants abruptly fired Plaintiff, at which time Plaintiff was 59 years old.

13. Throughout her tenure, Plaintiff's division operated with only two supervisors.

14. In the month's prior to Plaintiff's termination, Defendant hired a third supervisor.

15. Following Plaintiff's termination, her work was taken over by the three supervisors, all of which were younger men.

16. Given her age and gender, Plaintiff is therefore a member of protected classes as it relates to both gender and age.

17. Additionally, as Defendants were aware of Plaintiff's treatment for both cancer and heart disease, she is also a member of a protected class as a disabled person based on these diagnoses.

18. At all times relevant hereto, Plaintiff completed her duties in an exemplary manner.

{04007280;v2 }

19.     Compounding the challenges associated with managing serious chronic illnesses, Plaintiff managed her duties during the COVID-19 pandemic.

20.     Even so, in 2020, Plaintiff's year-end performance review by manager Roy Pappan applauded her dedication to the team, describing Plaintiff as "maintain[ing] the team's equipment and tools with a sense of accountability and responsibility."

21.     After recognizing Plaintiff's contribution to the Testing Group's success, Mr. Pappan encouraged Plaintiff to expand her responsibilities and explore leadership opportunities within PECO departments during the upcoming year – 2021.

22.     Defendants recognized her efforts and awarded Plaintiff with a substantial bonus in 2021.

23.     In early 2022, it was discovered that Plaintiff suffered from a multitude of heart conditions, including but not limited to cardiomyopathy, aortic aneurysm, calcification of arteries, and a severely low infraction rate of 45%.

24.     Upon discovery, Plaintiff's heart conditions made it extremely dangerous for her to conduct daily activities and required her to undergo several tests in order to determine her treatment going forward.

25.     Additionally, Plaintiff had suffered from two types of cancer which required her to attend yearly checkups with multiple specialists, which she typically scheduled in December of each year.

26.     Plaintiff informed her superior of her serious medical conditions in early 2022.

27.     As of December 2022, Plaintiff was 59 years old, and she placed at the top earning capacity in her position at PECO.

28.    By way of example, on numerous occasions, Plaintiff performed her duties in a manner that ultimately saved Defendant hundreds of thousands of dollars.

29.    This includes, but is not limited to, saving Defendant $25,000 on but one purchase from an outside vendor, as well as acting as a whistleblower with regard to a vendor consistently overcharging Defendant.

30.    Accordingly, Plaintiff went above and beyond to protect the interests of Defendant and her employer's property and assets while she was employed.

31.    Despite this, Plaintiff was discriminated against based on her age, gender, and disability.

## II. There was no legitimate business reason for Defendants to terminate Plaintiff.

32.    In fall of 2022, Defendant targeted Plaintiff in an effort to fire her on the pretense of misconduct. At that time, Defendant started an investigation of Plaintiff by a former cop, Bill Cahill, and others.

33.    Defendant concocted a false story regarding Plaintiff's ordering inventory not authorized by Defendant.

34.    In reality, Plaintiff ordered this inventory months prior, in accordance with company policies.

35.    In fact, the so called "policies" of Defendant were lackluster at best, resulting in Plaintiff carrying out her duties in accordance with the general practices that had been accepted throughout the course of her employment with Defendant.

36.    Despite Plaintiff acting in accordance with the ordinary business practices of Defendant, and proving to the company that the allegations were false, Defendant kept looking for more bases on which to fire Plaintiff.

{04007280;v2 }

37.    In reality, Plaintiff ordered this inventory months prior, in accordance with company policies and the general practices that had been accepted during the course of her employment with Defendants.

38.    This included, but is not limited to, allegations made against Plaintiff that she had purchased equipment unrelated to any business of Defendant.

39.    Further, Defendant subjected Plaintiff to several interviews, the first of which was 6 hours long as Plaintiff was sick recovering from Covid and on medication to treat same.  Also, Defendant would prepare statements for Plaintiff to sign, which were corrected and edited by Plaintiff to have an accurate and truthful statement.

40.    Each time Plaintiff proved that there was no wrongdoing whatsoever, and in doing so, demonstrated the poor inventory tracking practices of Defendant, Defendant only sought to further the investigation into whatever it could to establish some basis to remove Plaintiff, all the while with Plaintiff cooperating fully with Defendant, knowing that she had nothing to hide.

41.    In reality, this charges and unproven allegations were nothing more than pretenses, as proven by Plaintiff, confirming Defendant's scheme to terminate Plaintiff wrongfully.

42.    This discrimination ultimately culminated in Plaintiff's termination in January of 2023.

43.    Notably, after such a long tenure with Defendant, Defendants true intentions were revealed by the company's most drastic discipline of termination, rather than imposing the company's progressive discipline as would have been warranted, assuming the allegations were accurate and established, which they were not.

{04007280;v2 }

44.    Plaintiff was terminated solely based on her protected status, as prior to the events detailed in this complaint, she had been an exemplary employee with no history of discipline or misconduct.

## COUNT I
## VIOLATION OF THE ADEA

45.    Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

46.    The ADEA, 29 U.S.C. § 621 *et seq.,* as amended, prohibits workplace discrimination based upon an individual's age if that individual is over the age of forty (40).

47.    During the relevant time frame, Plaintiff was an individual over the age of 40 years old.

48.    Plaintiff met Defendants' legitimate job expectations, as prior to the wrongful discriminatory actions of Defendant, Plaintiff had been widely regarded as an exemplary employee who, on numerous occasions, performed her duties in a manner that saved Defendant hundreds of thousands of dollars.

49.    Plaintiff was born on June 28, 1963, making her 59 years old at the time of her termination (turning 60 years old within 5 months).

50.    Plaintiff experienced an adverse employment action by Defendants terminating her employment without any legitimate reason.

51.    Upon information and belief, Plaintiff's responsibilities were taken over by a person or persons with less experience and  much younger than Plaintiff.

52.    Defendants' violation of the ADEA was willful.

53.    By aforesaid conduct, Defendants discriminated against Plaintiff based on her age in violation of the ADEA.

54.    Defendants' discrimination caused Plaintiff to suffer pecuniary harm, has harmed Plaintiff's professional reputation and employment prospects, and caused her emotional distress.

**WHEREFORE**, Plaintiff seeks judgment in her favor, and against Defendants, in the form of (a) money damages for back pay, (b) liquidated damages in an amount equal to the lost wages Plaintiff suffered as a result of Defendants' willful violation, (c) reinstatement or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court, including, but not limited to emotional distress damages.

**COUNT II**
**DISCRIMINATION IN VIOLATION OF TITLE VII**

1.  Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

2.    Title VII prohibits workplace discrimination based upon an individual's race, color, religion, sex or national origin. *See* 42 U.S.C. § 2000e-2(a)(1).

3.    Plaintiff is female individual.

4.    Plaintiff met Defendant's legitimate job expectations, as prior to the wrongful discriminatory actions of Defendant, Plaintiff had carried out her employment duties in an exemplary manner.

5.    Plaintiff experienced an adverse employment action by Defendant's termination of Plaintiff.

6.    Upon information and belief, Plaintiff's responsibilities were taken over by a man or men at lower costs/wages than that which was being paid to Plaintiff.

7.    Plaintiff's gender was a motivating factor in Defendants' decision to terminate her.

{04007280;v2 }

8. Defendant's termination of Plaintiff was based on discriminatory employment practices based upon considerations of, *inter alia*, sex.

9. By aforesaid conduct, Defendants discriminated against Plaintiff based on her gender in violation of Title VII.

10. Defendants' discrimination has harmed Plaintiff's professional reputation and employment prospects, and further, caused her emotional distress.

11. These actions, as laid forth in this Complaint, constitute violations of Title VII.

**WHEREFORE**, Plaintiff seeks judgment in her favor, and against Defendants, in the form of (a) money damages for back pay, (b) liquidated damages in an amount equal to the lost wages Plaintiff suffered as a result of Defendants' willful violation, (c) reinstatement or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court, including, but not limited to emotional distress damages.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE PHRA (GENDER)

12. Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

13. The PHRA, 43 P.S. § 951 *et seq.*, prohibits employers from discriminating against employees based upon age and sex.

14. As set forth at length above, Defendants discriminated against Plaintiff based upon both her age and her sex.

15. But-for Plaintiff's gender, Defendants would not have terminated her.

16. Alternatively, Plaintiff's gender was a motivating factor in Defendants' decision to terminate her.

{04007280;v2 }

17.    Defendants' actions with regard to Plaintiff in this matter, therefore, violated the PHRA.

18.    Defendants' discrimination has harmed Plaintiff's professional reputation and employment prospects, and further, caused him emotional distress.

**WHEREFORE**, Plaintiff seeks judgment in her favor, and against Defendants, in the form of (a) money damages for back pay, (b) liquidated damages in an amount equal to the lost wages Plaintiff suffered as a result of Defendants' willful violation, (c) reinstatement or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court, including, but not limited to emotional distress damages.

## COUNT IV
## DISCRIMINATION IN VIOLATION OF THE PHRA (AGE)

19.    Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

20.    During the relevant time frame, Plaintiff was over 40 years old.

21.    But for Plaintiff's age, she would not have been terminated.

22.    Alternatively, Plaintiff's age was a motivating factor for her termination.

23.    Defendants' violation was willful.

24.    By the aforesaid conduct, Defendants discriminated against Plaintiff based on her age in violation of the PHRA.

25.    Defendants' discrimination has harmed Plaintiff's professional reputation and employment prospects, and further, caused him emotional distress.

26.    These actions, as laid forth in this Complaint, constitute violations of the PHRA.

**WHEREFORE**, Plaintiff seeks judgment in her favor, and against Defendants, in the form of (a) money damages for back pay, (b) liquidated damages in an amount equal to the lost wages Plaintiff suffered as a result of Defendants' willful violation, (c) reinstatement or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court, including, but not limited to emotional distress damages.

### COUNT VI
### DISCRIMINATION IN VIOLATION OF THE ADA & ADAAA

27.    Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

28.    Plaintiff is "disabled" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

29.    Plaintiff is a "Employee" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12111(4).

30.    Plaintiff's cancer and heart condition(s) is a "disability" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12102(1).

31.    Defendant is an "Employer" as that term is defined in the Americans with Disabilities Act, 42 U.S.C. § 12111(5).

32.    In terminating Plaintiff's employment with no legitimate reason, Defendants violated 42 U.S.C.§ 12112(a), stating "no covered entity shall discriminate against a qualified individual on the basis of disability in regard to hob application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

33.     As a result of Defendant terminating Plaintiff's employment based on her cancer and heart condition, Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.*

**WHEREFORE**, Plaintiff seeks judgment in her favor, and against Defendants, in the form of (a) money damages for back pay, (b) liquidated damages in an amount equal to the lost wages Plaintiff suffered as a result of Defendants' willful violation, (c) reinstatement or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court, including, but not limited to emotional distress damages.

## COUNT V
## DISCRIMINATION IN VIOLATION OF THE PHRA (DISABILITY)

34.     Plaintiff incorporates the previous allegations of the Complaint as though fully set forth herein.

35.     During the relevant time frame, Plaintiff had qualified disabilities, including but not limited to multiple serious heart conditions.

36.     But for Plaintiff's disabilities, she would not have been terminated.

37.     Alternatively, Plaintiff's disabilities were a motivating factor for her termination.

38.     Defendants' violation was willful.

39.     Plaintiff therefore suffered an adverse employment action because of her disabilities.

40.     By the aforesaid conduct, Defendants discriminated against Plaintiff based on her disabilities in violation of the PHRA.

41.     Defendants' discrimination has harmed Plaintiff's professional reputation and employment prospects, and further, caused him emotional distress.

42.     These actions, as laid forth in this Complaint, constitute violations of the PHRA.

{04007280;v2 }

**WHEREFORE**, Plaintiff seeks judgment in her favor, and against Defendants, in the form of (a) money damages for back pay, (b) liquidated damages in an amount equal to the lost wages Plaintiff suffered as a result of Defendants' willful violation, (c) reinstatement or front pay in lieu thereof, (d) prejudgment interest, (e) attorneys' fees and costs, and (f) any other appropriate and/or equitable relief as allowed by law and as determined by the Court, including, but not limited to emotional distress damages.

Respectfully submitted,

By: _____

Steven B. Barrett, Esq. (65857)
HAMBURG, RUBIN, MULLIN,
MAXWELL & LUPIN, P.C.
1684 S. Broad Street, Suite 230
P.O. Box 1479
Lansdale, PA 19446
Tel: (215) 661-0400
sbarrett@hrmml.com

*Attorney for Plaintiff, Catherine Nugent*

Date: April 22, 2025

{04007280;v2 }